Brown *vs*. Oattis.

---

MARY M. BROWN, plaintiff in error, *vs*. MARY A. OATTIS, defendant in error.

1. If several attorneys represent the losing party in the trial, and all of them but one, on a motion for a new trial, file an affidavit to their ignorance of the incompetency of a juror, and there is no explanation in the record why a similar affidavit from this one is omitted, it ought to be presumed that he knew of the juror's incompetency. In respect to such a matter, knowledge by any one of the party's counsel is equivalent to knowledge by the party himself.

2. The admission of evidence not objected to is no cause for a new trial.

3. If the court, without objection, admit in evidence the declarations of a person respecting his title, where there is some evidence that the declarations were accompanied with possession, but where other evidence in the case tends strongly to negative the fact of such possession, it is not error for the court to leave the final decision of that question to the jury, under appropriate instructions.

4. Proof that the original of a recorded deed is in another state, at the house of a person residing there, not a party to the suit, sufficiently accounts for its non-production to admit the record of it in evidence. Under such facts, there is no presumption that notice, if given to the adverse party, to produce the original, would be available, and, therefore, such notice is unnecessary.

5. There being strong evidence against the verdict, and the court below having granted a new trial, this court will not interfere.

Attorneys. New trial. Presumption. Evidence. Charge of Court. Deeds. Production of papers. Before Judge KIDDOO. Quitman Superior Court. November Term, 1874.

Reported in the opinion.

A. HOOD; WILLIAM HARRISON; JAMES H. GUERRY; GUERRY & SON, for plaintiffs in error.

B. S. WORRILL; GOODE & TONEY; JAMES WIMBERLY; JAMES T. FLEWELLEN, for defendant.

BLECKLEY, Judge.

1. Two ladies litigated in this case—one as plaintiff in execution, the other as claimant. The lady-claimant lost. Her counsel, five in number, moved in her behalf for a new trial. Four of them, in support of certain grounds of the motion, made affidavit, as did also the claimant, that they did not know, at the time of the trial, that one of the jurors was related by affinity to the plaintiff, or that this juror had used certain expressions indicating prejudice against the claimant's case. One of the counsel did not join in the affidavit, and his silence is wholly unexplained by anything which appears in the record. We think, therefore, it is no strained inference to conclude that he could not depose to the like ignorance with his associates. With such a gap in the showing, we will presume that he had knowledge of the juror's incompetency, and his knowledge, on a matter like this, would affect hi client: See *Edmondson vs. Wallace*, 20 *Georgia Reports*, 660.

2. Another ground in the motion for a new trial is, that numerous declarations of the defendant in *fi. fa.* in favor of his own title, were admitted in evidence, when it did not appear that he was in possession of the premises at the several times of making these declarations. The evidence came in without objection, and there was no motion to rule it out or withdraw it. Nothing in the whole range of the law is better settled than that there must be some ruling by the court over the party's objection, touching the competency of evidence, in order to make the admission of it a good ground for new trial.

3. Still another ground of the motion is, that the court left it to the jury to determine whether certain of these declarations were made whilst the defendant was in possession. It is not so stated, but we infer that this reference of the

question to the jury was made in the court's final charge, and with appropriate instructions as to considering or not considering the declarations, according as the fact might be found that they were or were not made pending the defendant's possession. The record discloses that there was some evidence before the court that the defendant had possession, and, doubtless, upon that evidence, the court, deeming the possession *prima facie* established, admitted the declarations. There was other evidence which tended strongly to negative the possession, and we think there was no error in the court's leaving such conflict as there was to the jury; more especially, as the claimant had not objected, in any way, to any part of the evidence when it was admitted or afterwards. Speaking for myself, I will say that I consider it a sound practice, even where timely objection is interposed, for the court, on a *prima facie* case of possession being made, to admit the declarations, and if opposing evidence afterwards come in from the adverse party, to leave the declarations to stand, instructing the jury not to consider them as evidence if, in their opinion, they were not accompanied with possession. It is better that the jury should weigh evidence and settle conflicts than that the judge should do it. Be this as it may, we are all agreed that as the claimant did not object, so as to invoke a direct decision from the court, there was no injury to her of which she has a right to complain.

4. The record of a deed was admitted in evidence, over the claimant's objection. This deed was from a third person to the defendant in *fi. fa.*, and covered the premises levied upon and claimed. The original was proved to be, at the time of trial, beyond the jurisdiction of this state, to-wit: in the state of Alabama, at the house of a person residing there who was not a party to the case on trial. There seems to have been no objection urged to the record except that due diligence had not been used to procure the original deed. It was contended that notice ought to have been given to the claimant to produce it. But of what use would such a notice have been? Her counsel all testified that they did not have

Brown *vs.* Oattis.

possession of it, and there was no evidence whatever that it was in her possession, power or control. On the contrary, the proof was positive and uncontradicted that it was at the house of a stranger to the suit, William Oattis, in the state of Alabama. Whether, when a paper is known to be without the jurisdiction of the court, secondary evidence may not, for that reason, be admitted, was treated as a doubtful question in the case of *Vaughn vs. Biggers,* 6 *Georgia Reports,* 188. It was presented as a *quære* and left undecided. In 26 *Georgia Reports,* 537, it was decided in the affirmative. The Code declares, in section 3767, that in order to admit secondary evidence, it must appear that the primary evidence, for some sufficient cause, is not accessible to the diligence of the party. We think no rule of diligence can reasonably require a party to go out of the realm in search of original documents, which are not under his own control or that of his adversary, especially where the secondary evidence which he offers is of so high a nature as an official record of the absent paper. The case in the 26 *Georgia Reports* rules that even verbal evidence of the contents is admissible. We do not see how the question can, at this day, be regarded as open in our courts.

5. We rule that none of the grounds in the motion for new trial were sufficient, except those which attack the verdict as contrary to evidence; and as to these we make no ruling, except that there was no abuse of discretion in granting the new trial. There was certainly strong evidence against the verdict. The constitution trusts the superior court with power to grant new trials, and we are not disposed to confine the discretion within any narrow limits. In passing from the old system of appeals, to which our people and bar were so long accustomed, to the new system of one final trial, the transition period is much softened by a liberal practice in granting new trials. While litigation should not be unnecessarily protracted, there is great wisdom in having at least one trial that is satisfactory both to the jury and the presiding judge. We will be slow to force the judge to grant a new trial against

his will, on the mere weight of evidence, and still more slow to deny to his conscience and discretion the repose of a second trial where he solemnly orders it.

Let the judgment be affirmed.