CARUTHES *v.* THE STATE.

95   343
s95   784

The evidence, taken most strongly against the accused, showing that he and the deceased, upon words of reproach and a sudden quarrel in which both participated, came to blows, and that a combat with deadly weapons ensued, in which no undue advantage was sought or taken on either side, the killing amounted to no more than voluntary manslaughter, and a verdict for murder was unwarranted.

January 28, 1895.

Indictment for murder. Before Judge SMITH. Pulaski superior court. November term, 1894.

Frank Caruthes was found guilty of the murder of Thomas L. Caruthes. It appears from the evidence, that on the night of May 19, 1894, defendant was standing in a bar-room, talking with Joe Hendley, and picking or whittling with the larger blade of a pocket-knife on the top of a railing against which he was leaning. He had been talking about some trouble he was in with regard to gambling, etc., and as if he were angry; but had not spoken of deceased. Deceased came in with two ax-handles in hand, and asked for Frank Bozeman; and Hendley told him that Frank was down-stairs. De-

ceased turned to defendant and said, "I have tried to keep you out of jail all the time; they are going to get you this time." Defendant said, "You and Mr. English have been trying to get me into it." They were facing each other about five feet apart. Deceased said, "Frank, I could put you in the chain-gang in twenty-four hours." Defendant said, "Do it then," and walked toward the wall and put his hand under his coat in the direction of his hip-pocket. Deceased put one of the ax-handles on the counter, raised the other, and said, "Frank, don't you do it." The ax-handle was about two or two and a half feet long, and heavy enough to produce death. Defendant took his hand from his pocket and walked two or three feet toward deceased, who raised the ax-handle and struck defendant with it on the arm. The blow seemed to be a light one; it could not have been a hard one. Defendant warded it off, and stabbed deceased in the breast. The blow was very closely followed by the stab; according to some testimony they "came right together." Defendant immediately fled, and remained concealed and at large for some time after the killing. He was larger and stronger than deceased, and thirty to forty pounds heavier. One witness testified, that just at the time deceased struck at defendant with the ax-handle, defendant was going on to him; that deceased had done nothing to provoke him, only what he said; and that deceased first spoke to him in a friendly way, and asked him to go home with him. Deceased did not seem to have been drinking. Another witness testified, that in cotton-chopping time the same year, defendant told her that every time Mr. Caruthes came to town he picked at him, and if he kept on, it would be a killing scrape. According to the testimony for defendant, when deceased entered the bar-room, he went up to defendant and defendant walked back. Deceased claimed to have been a friend to defendant, who

said he had not. When he got close to defendant he said, "I have done a great many favors for that rascal"; to which defendant replied, "Yes, I reckon you have; for the last two or three years you and Mr. English has been trying to put me in the chain-gang." Deceased said, "I have not been trying to put you there, but before three months I will have you in there." Defendant replied that it would be all right; that he had never been run out of town for being drunk; and deceased said, "Dry up; none of your sauce." He made a motion to raise one of the ax-handles; defendant started to pull his knife from his hip-pocket, and deceased said, "Loose it. If you don't loose it I will whale you." "Defendant replied, "I reckon not." Deceased struck at defendant, who knocked off the blow and stabbed deceased with the knife. Deceased started the quarrel. He had taken a drink of whisky before going to the place, but did not seem to be drunk.

W. L. & WARREN GRICE, for plaintiff in error.

J. M. TERRELL, attorney-general, and TOM EASON, solicitor-general, contra.

LUMPKIN, Justice.

The accused was convicted of murder, and sentenced to be executed. He moved for a new trial on numerous grounds. We have not very closely scrutinized the special grounds of the motion, because, after a careful and anxious study of the evidence, we have reached the conclusion that there should be a new trial upon the substantial merits of the case. The evidence will appear in the reporter's statement. It does not, in our opinion, make a case of murder. In no view of it could the killing amount to more-than voluntary manslaughter. Taking the evidence most strongly against the accused, the case was one of mutual combat, and falls within the class to which our leading case on this subject—*Gann*

v. *The State,* 30 *Ga.* 67—belongs. We therefore regard
it as our solemn duty to give the accused another trial.
*Judgment reversed.*