## 608.   HARRIS v. THE STATE.

The evidence submitted authorized the charge made by the court upon the subject of voluntary manslaughter, and the verdict of the jury, finding the defendant guilty of that offense. The case is controlled upon the facts, as to part of the evidence, by the decision in *Gann v. State*, 30 *Ga.* 67. The verdict was not a compromise; but the evidence presenting three theories as the truth of the case, the right and duty of selection upon the jury was properly exercised by them.

Conviction of manslaughter, from Coweta superior court—Judge Freeman.   June 11, 1907.

Submitted July 18,—Decided September 19, 1907.

*W. A. Post, W. C. Wright,* for plaintiff in error.

*J. R. Terrell, solicitor-general, W. L. Stallings,* contra.

RUSSELL, J.   The plaintiff in error was indicted for the offense of murder and found guilty of the offense of voluntary manslaughter.   He excepts to the judgment overruling his motion for new trial.   Only two questions are made in the record.   Did the evidence authorize the verdict; and did the court err in charging the jury upon the subject of voluntary manslaughter?   It is insisted by learned counsel for the plaintiff in error that a new trial should have been granted on each of the grounds of the original motion, and especially on the ground set forth in the amended motion which complained that the court erred in charging the jury the law of voluntary manslaughter, for the reason that under the evidence and the statement of the defendant this law was wholly inapplicable to the case.   The rule may be stated to be that where the evidence, in every view, requires a finding of murder or of not guilty, the law of voluntary manslaughter should not be given in charge; though if the evidence and defendant's statement clearly shows that he should have been found guilty of murder and he is only convicted of voluntary manslaughter, he will not be heard to complain, although the jury may have been instructed as to the law of voluntary manslaughter when it was not applicable to the case.   In the present case the court properly instructed the jury as to the law of voluntary manslaughter.   The charge upon this subject, which is excepted to as inapplicable to the evidence, is as follows: "You will observe, gentlemen, that one of the material facts in the bill of indictment to which I call your attention is,

that if it be true that Ben Harris did, in the county of Coweta, on or about the time charged in the bill of indictment, unlawfully make an assault upon Pete Boozer, as charged in the bill of indictment, with a loaded gun, and if you further believe that the assault was unlawful, yet, gentlemen, if you do not believe that it was made with malice, and if you believe that he shot and killed him, yet, gentlemen, if you do not believe that he killed him with malice, why, then, as before stated, you could not convict him of the crime of murder, but you could consider, gentlemen, whether or not under the evidence in this case he was guilty of the offense of voluntary manslaughter. Now manslaughter, the law says, is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever. Murder, you will note, is the unlawful killing with malice. Manslaughter is the unlawful killing without malice. In both cases the killing is unlawful and intentional. The deliberate intent to kill is the distinctive element that differentiates murder from manslaughter. In all cases of voluntary manslaughter the result must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and be punished as murder. You will observe, gentlemen, from the definition I have given you, that to reduce a killing that is unlawful from murder to manslaughter, the law says, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice. Now, an assault is defined to be an attempt to commit violent injury upon the person of another.

A serious personal injury means an injury greater than a provocation by mere words, and less than a felony. So, gentlemen, you look to the evidence in this case and determine from the evidence whether or not this man Pete Boozer, the deceased, made an assault upon the person of Ben Harris. If he made an assault, gentlemen, then determine whether or not it was a felonious assault. If he made an assault, gentlemen, but it was not a felonious assault, why, gentlemen, you could consider whether or not the assault made, if less than felonious, whether or not such an assault would justify the excitement of passion and exclude all idea of deliberation and malice, either express or implied. You can consider, gentlemen, whether or not the deceased, Pete Boozer, made an attempt to commit a serious personal injury upon the defendant, Ben Harris, an injury, gentlemen, that would be less than a felony. You can consider whether or not there were other equivalent circumstances; that is, circumstances that would produce the same state of mind that an assault would produce. If you should believe, gentlemen, that this excitement of passion that is supposed to be irresistible was thus engendered by an assault, or by an attempt to commit a serious personal injury, by an assault that is less than a felony, on the defendant, or if there were other equivalent circumstances that would justify the excitement of passion and exclude all idea of malice, either express or implied, and if the defendant acted under such a passion and not in a spirit of revenge, and shot and killed Pete Boozer, why then, gentlemen, he would not be guilty of murder, but, if not acting under circumstances of justification, he would be guilty of the offense of voluntary manslaughter. But to reduce a crime from murder to voluntary manslaughter the killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval of time between the provocation and the homicide, sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder. So, gentlemen, in applying the law of voluntary manslaughter to this case, if you do apply it, you may look to the evidence, taking into consideration the statement of defendant, to see what assault less than a felony was made by Pete Boozer upon Ben Harris; if not, see what attempt was made, if any, to commit a

serious personal injury upon Ben Harris, if any was made, less than a felony. Take it all into consideration, gentlemen. If such an assault was made, or such an attempt to commit a serious personal injury was made by the deceased upon the defendant, and it endangered that sudden, violent, impulse of passion which is supposed to be irresistible, and the defendant acted under the impulse of passion, if the passion was thus engendered and he acted under it and shot and killed Pete Boozer under the influence of this passion, and not in a spirit of revenge, as before stated, he would not be guilty of murder, but would be guilty of voluntary manslaughter, if you find that the killing was not done under circumstances of justification, to which I will presently call your attention. So that, gentlemen, upon this branch of the case, if you find that it is true that Pete Boozer is dead, and that the defendant, Ben Harris, killed him, as charged in the bill of indictment, and you should find that he killed him intentionally, and that the killing was unlawful, and you find that the killing was the result of that sudden, violent impulse of passion supposed to be irresistible, and not under circumstances of justification, and you further believe that the interval between the assault or provocation given, if any was given, and the homicide was not sufficient for the voice of reason and humanity to be heard, of which time the jury in all cases shall be the judges, then, gentlemen, the defendant, under such circumstances, would be guilty of the offense of voluntary manslaughter."

We have quoted the foregoing portion of the charge to the jury, which is excepted to, in its entirety, because we think it especially pertinent to the evidence and clearly expressed to the jury. And in view of the evidence in the case, the excerpt from the charge complained of is its own best answer to the complaint. We have very closely scrutinized the evidence and applied it to the above quotation from the charge, with the result that we are satisfied that voluntary manslaughter was involved in the case. The jury were properly instructed upon the subject, and their verdict, finding the defendant guilty of manslaughter, was authorized. The evidence in the case is very voluminous. It could be of no practical benefit to indulge in a long and tedious rehearsal of the facts submitted to the jury, and we have, therefore, contented ourselves with simply stating the conclusions deducible from the evidence.

According to some of the testimony for the State, the deceased was standing still and looking downward when he was shot by the defendant. This evidence would authorize a verdict finding the defendant guilty of murder. Evidence from a number of witnesses introduced in behalf of the defendant is, that the deceased was attacking the defendant with an extremely dangerous knife, that he was in imminent danger of losing his life, and that the killing was necessary. This evidence, if believed by the jury, would have required a verdict of acquittal, especially in view of the fact that it was supplemented by proof of threats made by the deceased against the defendant, which had been communicated to the defendant. But in addition to all this, there was also evidence clearly showing a mutual intent to fight on the part of both the defendant and the deceased; that the parties had a sudden quarrel, and in the heat of blood, without any previous deliberation or malice and both being armed with and using deadly weapons, the defendant killed the deceased. If this evidence was preferred by the jury, a verdict for voluntary manslaughter is authorized. As the jury had to consider all the evidence and base their verdict upon such of the testimony as they preferred to believe, the charge of the court was clearly applicable.

Omitting two of the witnesses, whose testimony the jury may not have believed, the case, upon its facts, is controlled by the decisions in *Gann* v. *State,* 30 *Ga.* 67, and *Caruthes* v. *State,* 95 *Ga.* 343, 22 S. E. 837, which are very similar. It does not appear from any source that there was premeditation, and the current of the evidence leads our minds, as it did those of the lower court and jury, to the conclusion that upon a sudden quarrel the parties fought upon the spot, the combat being with deadly weapons, no undue advantage was taken on either side, and that the killing was voluntary manslaughter. As said by Judge Lyon in *Gann* v. *State,* whenever the killing is the result of irresistible passion alone "and not from any mixture of malice or deliberation, then the killing is not murder, but is voluntary manslaughter, no matter how that passion may be aroused; for if there is no malice either expressed or implied, or criminal neglect, there can be no murder . . . When the provocation given is of such a character that it so excites the slayer with such . . passion that he can not resist its influence, and when the killing is caused by such passion and not

solely on account of the provocation given," the defendant is guilty of manslaughter and not murder. Any other presentation of § 65 of the Penal Code would leave a large number of cases of homicide unprovided for, which are neither murder, involuntary manslaughter, nor justifiable. See 1 Hale's P. C. 453; 1 Hawkins, 31 §§ 22, 29; 4 Bl. Com. 191. "Upon words of reproach or any sudden provocation the parties come to blows and a combat ensues, no undue advantage being sought or taken on either side, and death ensues under such circumstances, the offense of the party killing will amount only to manslaughter." 1 Russell on Crimes, 585.

*Judgment affirmed.*