## 1461.   BARNEY v. THE STATE.

A verdict of voluntary manslaughter is authorized if the evidence shows that the slayer acted under an unabated heat of passion aroused by an assault made by the deceased upon the slayer's wife; or that, from a sudden quarrel, thus initiated, the parties made mutual threats to kill at sight, and, having presently furnished themselves with deadly weapons, did soon thereafter meet in deadly rencounter, in which the defendant killed his adversary; or that the deceased, meeting the defendant, attempted to shoot him with a gun, but, seeing that the defendant was armed, retreated without any apparent or actual purpose of renewing the attack, and the defendant, while the deceased was thus retreating, in a sudden heat of passion aroused by the assault made upon him by the deceased, shot him in the back and killed him.

Conviction of manslaughter, from Emanuel superior court— Judge Rawlings.   September 14, 1908.

Argued November 23,—Decided December 8, 1908.

*Saffold & Larsen,* for plaintiff in error.

*Alfred Herrington, solicitor-general,* contra.

POWELL, J.   The defendant was indicted for murder and convicted of voluntary manslaughter.   His only complaint is, that the verdict is without evidence to support it, that under the testimony the killing was either a case of unmitigated murder or wholly justifiable, and that the judge erred in submitting the question of manslaughter to the jury at all.   Where the defendant is charged with murder, and there is a compromise verdict of manslaughter, without any theory of the evidence supporting such a conviction, and the evidence does not demand a verdict of murder, a new trial should be granted; but a reviewing court in such a case will look to the evidence as a whole, and if by any rational theory of the evidence, even by segregating it and taking a portion of the State's testimony as true and taking a part as untrue and by accepting a part of the defendant's evidence and rejecting other parts, the verdict can be sustained as a legitimate finding upon the facts so considered, there is no warrant for the grant of a new trial.

In the case at bar the verdict is sustainable upon at least three separate theories of the evidence.   The jury might have found, that upon the night before the killing the deceased made a felonious assault upon the wife of the defendant; that the defendant therefrom became violently enraged and shot at the deceased, missing

him; that his anger thus aroused never abated, but to the contrary was further inflamed by subsequent threats which the deceased had expressed against him to others, and which had been communicated to him; that upon seeing the deceased about noon he in this unabated heat of passion shot and killed him. By the act of 1899 (Acts 1899, p. 41, Van Epps' Code Supplement, §6743), the courts are precluded from declaring what interval is sufficient cooling time to prevent a killing provoked by an assault or other equivalent circumstances from being attributed to the sudden heat of passion rather than to deliberate revenge;—as to this "the jury in all cases shall be the judges." This does not mean that every previous provocation for passion, however remote in time and circumstance, is to be considered in every case; but where either the State or the accused sets up the previous transaction, either as the immediate motive or as the palliation or excuse for the crime, this provision of law seems to be applicable.

Another theory upon which the verdict may be justified is, that, following the difficulty on the night before, the deceased told the defendant to arm himself, that if he met him next day he would kill him. The defendant did arm himself, threatening in turn to kill the deceased on sight. They met the next day, and each drew weapons. In this rencounter the defendant killed the deceased. This made a case of voluntary manslaughter in mutual combat, clearly within the rule of the *Gann* case, 30 *Ga.* 67.

Further there is testimony, as well as the physical fact that the deceased was shot in the back, tending to support the theory that on the occasion of the fatal shooting the deceased, seeing the defendant, presented a weapon, and the defendant fired (being as to this shot justifiable) and missed his antagonist, who, seeing the defendant was armed, turned his back and began a retreat, and while he was so retreating the defendant continued firing at him until he shot him through the body from the rear, thus inflicting the fatal wound. The jury would have been authorized, in this view of the evidence, to attribute the killing to a sudden heat of passion aroused by the assault made by the deceased in attempting to shoot the defendant; for if the fatal shot was fired while the deceased was retreating without any apparent purpose of doing further harm, that necessity which might have justified the killing no longer existed.                    *Judgment affirmed.*