### 1948.  CLARK *v.* THE STATE.

If, upon a sudden quarrel, the parties fight upon the spot, and one of them is killed under such circumstances as to authorize the jury to infer that the killing was without malice, it is not error to give in charge the law of voluntary manslaughter.

Conviction of manslaughter, from Jasper superior court—Judge Lewis. May 14, 1909.

Argued June 23,—Decided October 5, 1909.

*Greene F. Johnson,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

RUSSELL, J.   Alec Clark was charged with the offense of murder, and was convicted of voluntary manslaughter.   His sole exception is that the judge erred in giving in charge to the jury the law of voluntary manslaughter, because if he was guilty of any offense he was guilty of murder; and that the verdict of the jury finding him guilty of voluntary manslaughter is without any evidence to support it.   The jury were authorized to infer, from the evidence, that the defendant and the deceased, who lived on the same plantation, went one night to a house in the neighborhood, where a crowd had assembled, and, while there, suddenly got into a quarrel about some money which one owed the other.   They became thoroughly angry, and the defendant cursed the deceased and demanded immediate settlement of the debt.   The deceased then grabbed the defendant, pulled out his knife, and laid it on the defendant's neck, and said, "If you get a pistol to shoot me, I will cut your throat."   The defendant thereupon said that he did not have any pistol, and told the deceased that he would not hurt him.   About that time some bystanders interfered, and begged the deceased not to hurt the defendant, as he was unarmed.   The deceased then turned the defendant loose, and the defendant backed off seven or eight feet, pulled his pistol, and said, "Yes, I have got it, and I will kill you," and thereupon immediately fired and killed the deceased.   At the time of the shot the deceased was standing in the same spot he was in when he laid his knife on the defendant's neck and threatened to cut his throat, and still had his open knife in his hand, and, other than the act of turning the defendant loose, had not done or said anything that indicated that he had abandoned the fight.   The deceased was a stronger man than the defendant, and had turned him loose only when bystanders interceded.   The defendant introduced no evidence. but his statement made out a case of self-defense.

It is sometimes very difficult to tell when voluntary manslaughter is involved in a case, and when the law relating to that offense should be given in charge to the jury.   The State's evidence in this case would have authorized a verdict of guilty of murder; and if the judge had charged the law of murder only, the defendant would probably have excepted on the ground that the judge should have

charged the law of voluntary manslaughter. The judge did charge the law of voluntary manslaughter as well as that of murder, and the jury found the defendant guilty of voluntary manslaughter; and the defendant excepts because he claims that there is no evidence from which the jury could infer that he killed without malice; that if the State's evidence is true, he is guilty of murder, and that if his statement is true, he is guilty of no crime; since his act in killing was justifiable on the ground of self-defense. While we agree with the defendant that the State's evidence does make a pretty bad case against him, and that if true it would have authorized the jury to find him guilty of murder, yet we are constrained to disagree with his contention that there is no evidence of unpremeditated killing. If there is any theory of the evidence authorizing the inference that the killing was the result of a sudden heat of passion pending a fight or aroused by an assault, and without malice aforethought, it is not unlawful for the defendant to be convicted of voluntary manslaughter. Penal Code, §65; *Caruthes* v. *State,* 95 *Ga.* 343 (22 S. E. 837); *Gann* v. *State,* 30 *Ga.* 67; *Barney* v. *State,* 5 *Ga. App.* 301 (63 S. E. 28). In this case the question as to whether or not there was sufficient cooling time to reduce the offense from murder to manslaughter was for the jury. They were authorized to infer that the killing was in an unabated heat of passion. This case is distinguishable from the case of *Branch* v. *State,* 5 *Ga. App.* 652 (63 S. E. 714). The evidence there was "not sufficient to raise even a suspicion that there was any sudden quarrel preceding the killing, that any assault was attempted by the deceased on the defendant, or that the killing was due to a sudden heat of passion which could be attributed to any other cause than the cause which is assigned by the defendant as his reason for the killing." The cause assigned by the defendant for the sudden heat of passion in the *Branch* case would have justified the killing; and his statement made a full and complete case of justifiable homicide. It was probably due to the ingenuity of skilled counsel that the defendant in this case was not convicted of murder; but we can not say that his conviction of the lesser offense is wholly unsupported by the evidence.                  *Judgment affirmed.*