*A. R. Wright* and *J. J. Harris,* for defendants.

---

GOOLSBY *v.* THE STATE.

HILL, J. 1. Where on the trial of one indicted for murder the State's only eye-witness to the homicide detailed a statement made by the deceased to the defendant's father (Granderson Goolsby) and to the defendant (Ulysses Goolsby), immediately preceding the killing, to the effect that during the previous day he (the deceased) had beaten the defendant, this was sufficient to show a previous assault upon the defendant by the deceased, and it was a question for the jury to decide whether the "interval between the assault or provocation given and the homicide" was sufficient for the voice of reason and humanity to be heard. Penal Code, § 65. Consequently the court erred in failing to charge the law of voluntary manslaughter, as complained of in grounds one and two of the amended motion for a new trial.

2. As against the plaintiff in error, the following charge of the court was not error on the ground that it is an incorrect statement of the law;  .

nor is it open to the criticism that if the father of the defendant shot the deceased maliciously and unlawfully, this defendant would not be guilty of murder unless he was acting maliciously and unlawfully, etc., namely: "The court charges you, gentlemen of the jury, if you believe from the evidence in this case, beyond a reasonable doubt, that on the day of the alleged homicide this defendant, Ulysses Goolsby, in company with his father and with Mike Goolsby, went to the home of H. J. Villipigue, if you believe that this defendant and his brother went in company with Granderson Goolsby to the home of H. J. Villipigue for the purpose of offering him violence or taking his life, if you believe that after reaching the home or house of H. J. Villipigue that H. J. Villipigue was called out of his house or home, and if you believe that he was then and there shot by the defendant, Ulysses Goolsby, or Granderson Goolsby, if you believe that, and that it was done in a spirit of malice and revenge and done unlawfully, after deliberation and meditation, then the offense of murder would be made out and you would be warranted in convicting the defendant, Ulysses Goolsby, of the offense of murder."

3. The fifth ground of the amended motion for a new trial complains of the exclusion of certain testimony sought to be elicited on cross-examination, to which the defendant's attorney stated to the court the witness would testify had he been permitted to do so. The testimony sought to be elicited was not materially different from that delivered by the witness on his direct examination in response to questions propounded by the solicitor-general. The exclusion of the evidence furnishes no ground for a reversal.

*Judgment reversed. Evans, P. J., concurs in the judgment. Gilbert, J., dissents from the ruling in the first headnote. The other Justices concur.*

No. 71. AUGUST 31, 1917.

Indictment for murder. Before Judge Worrill. Early superior court. December 30, 1916. (See ante, 169.)

*Munday & Cornwell* and *Hines & Jordan,* for plaintiff in error.

*Clifford Walker,* attorney-general, *B. T. Castellow,* solicitor-general, *R. R. Arnold.* and *M. C. Bennet,* contra.