31746. ROBERTS *v.* THE STATE.

Decided November 1, 1947. Rehearing denied November 26, 1947.

*J. Henry Howard, W. C. Hawkins,* for plaintiff in error.

*Fred T. Lanier, Solicitor-General,* contra.

GARDNER, J. 1. As to the general grounds, the evidence amply sustains the verdict, for the jury were authorized to find that the witnesses for the State unequivocally stated that as the deceased approached them they told him to get back into the road and to go on. The only remark the deceased made was, "I wanted to find out who did it [referring to the shooting at his home prior to the homicide]." As the deceased made this remark he walked back toward the road and after the brother of the defendant stated with an oath that he did it, and while the deceased was leaving the scene, the three accused fired upon him.

2. Special ground 1 assigns error because when a witness for the defendant was on the stand she was asked if the deceased made any threats against the life of the defendant. She stated that the deceased had. On cross-examination she stated that the threats had not been communicated to the defendants. State's counsel moved to exclude the testimony on the ground that such threats had not been communicated, whereupon the court stated that he would exclude the evidence for the time being. We think the assignments of error on this ground do not require a reversal for two reasons: First, the ruling was made conditionally, and the court's attention was not thereafter called to the conditional ruling; second, should we consider this ruling sustained, construing the evidence in the case most strongly to sustain the verdict, the defendant and not the deceased was the aggressor at the time the deceased was killed.

3. Special ground 2 assigns error because the defendant offered a witness to prove that the deceased had made threats to

the witness against the defendant and that the witness had communicated these threats to the father of the defendant and the defendant proposed to prove by the father that the threats were communicated to his son, the defendant. While it is true that the.court put the ruling on the basis that to permit the father to testify what the witness who heard the threats of the deceased told the father would be hearsay and inadmissible, it is our opinion that the judgment should not be reversed or considered for the reason that it nowhere appears in this ground of the motion what the threats were, or the nature of them. There is no merit in this ground.

4. Special ground 3 assigns error upon an excerpt from the charge of the court on voluntary manslaughter. When we view the charge as a whole on the subject of voluntary manslaughter, we do not find that this assignment of error requires a reversal

5. Special ground 4 assigns error on the following excerpt from the charge of the court: "The court has permitted certain evidence to be introduced relative to alleged statements made by the deceased against the defendant prior to the alleged homicide. I charge you that if you find that any threats were made by the deceased against the defendant prior to the homicide, and you further find that these threats were not communicated to the defendant, then I charge you that you would not consider those threats, if you find any were made, as any justification for the defendant in taking the life of the deceased. I charge you further that if you find that there were uncommunicated threats by the deceased against the defendant, they would be admissible only for the purpose of showing the state of mind of the deceased toward the defendant. I charge you further if you find that there were previous threats by the deceased and they were communicated, they are not to be considered by you unless you find that there is some proof of attack or other hostile act showing the intention to carry the threat, if any, into execution." The gist of the assignment of error upon this charge is that it tended to confuse the jury for the reason that the court had excluded from the consideration of the jury evidence on behalf of the defendant that an uncommunicated threat had been made against him and that after making such ruling the court should not have charged as to uncommunicated threats. We are unable to see

how this charge could have been harmful to the defendant for the reasons urged. There was evidence, on behalf of the defendant, that a threat by the deceased had been communicated to the defendant and we construe the charge of which .complaint is made as merely explanatory of an uncommunicated threat and a communicated threat on the part of the deceased. In either event, the defendant would not have been justified in taking the life of the deceased merely because of such previous threats unless it also appear that in the final affray the deceased was the aggressor. It is the contention of able counsel for the defendant that the evidence was sufficient to show that the deceased was the aggressor, but we find no evidence of the State or the defendant or any circumstances relative to the case sufficient to sustain this view for the defendant. It is true that the defendant's statement, unsupported by any evidence or circumstances might have been sufficient to warrant such a contention. It is our duty as a court of review, on an assignment of error on the overruling of a motion for a new trial, to construe the evidence most strongly to sustain the verdict, and most unfavorably to the contentions of the accused.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*