Under one phase of the evidence the jury were authorized to find that the facts and circumstances at the time the accused killed the deceased were such only as would excite the fears of a reasonable man that some bodily harm, less than a felony, was imminent and impending; thus, the jury were authorized to find the defendant guilty of voluntary manslaughter. Code, § 26-1007; Johnson v. State, 72 Ga. 679, 695; Gresham v. State, 70 Ga. App. 80, 81 (27 S.E.2d. 463). The evidence authorized the verdict, and the trial judge did not err in overruling the motion for new trial.
Judgment affirmed. Gardner and Townsend, JJ.,concur.
 DECIDED NOVEMBER 15, 1947.
Edgar Henry was indicted for the offense of murder. The jury found him guilty of voluntary manslaughter. The defendant made a motion for new trial based on the general grounds. This motion was overruled, and the defendant excepted.
The evidence discloses that a public shoeshine stand was conducted in the yard of the house of one Theo Battle.
Johnnie Laidler, witness for the State, testified: "When Edgar Henry [defendant] first come up he talked to B. Battle and said he wanted to see him when he got through shining my shoes. *Page 140 
. . When Edgar come up at first Otha Cobb [deceased] was in the house. . . Otha Cobb was inside the house and he come out. I did not see Otha Cobb when he come out. When I saw them they were together and tied up and I heard the shot and I run. I did not know for sure he had come out of the house until the door slammed and he run up and grabbed Henry and said `what big words he had said to him last night' and they went together and tied up and I heard the shot and I run. I saw the pistol. Both of them had the pistol then. Edgar had this part of it and Otha Cobb had hold of the barrel. Edgar had it in his hand like this — in his right hand. Otha Cobb was on the ground. . . Edgar had it by the grip and Otha had it by the barrel like this. There was one shot fired and it went into the body of Otha Cobb. . . I did not see Otha Cobb with any kind of weapon. I think Otha bit Edgar . . Edgar did not receive any knife wounds of any kind. I did not see Otha with any knife. All I saw was when Otha had hold of the barrel of the gun. When they were on the ground Edgar was on top of Otha. The shot was made while they was standing up. When Edgar and Otha went together the shot was made right then. Edgar did not say a thing to him. Otha said nothing but `what them big words he said to him last night.' I do not know what those words were. When he said that, that is when they tied up and immediately when they tied up is when Edgar shot Otha."
Willie B. Russell testified: "Otha come out of the back door. I didn't see Otha with any weapon. I heard the door slam and he told Edgar `what kind of big words he said that night' and then in about a minute somebody shot and they run together and tangled up. I wouldn't say there was but one pistol there on that occasion but I didn't see but one after they got up. I never saw but one. I didn't see a knife and the only weapon I saw there was the pistol they had tussling with it and Edgar and Otha both had hold of it. Edgar had it by the handle in shooting position and Otha caught it and they tied up. That was all that happened there on this occasion."
In his statement the defendant said that he shot the deceased in self defense, and introduced three witnesses who stated that the deceased came out of the house with a pistol in his hand and *Page 141 
that the deceased snapped the pistol twice in the face of the defendant. The conflicting evidence was resolved in favor of the contentions of the State.