## 31931. SHEPPARD *v.* THE STATE.

DECIDED MAY 12, 1948.

*Hugh R. Kimbrough,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

MACINTYRE, P. J. The defendant, Theodore Sheppard, was indicted for murder and was found guilty of voluntary manslaughter. He made a motion for a new trial which was overruled and to this judgment he excepted. His only complaint is that the verdict is without evidence to support it for the reason that under the evidence the killing was either a case of murder or was wholly justifiable; and that, as a consequence, the judge erred in submitting the question of manslaughter to the jury at all.

"It is not error, on the trial of one indicted for murder, to instruct the jury upon the law of voluntary manslaughter, where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that the defendant was guilty of manslaughter, or which would be sufficient to raise a *doubt, however slight,* as to whether the homicide was murder or manslaughter. . . In determining whether the homicide was murder or manslaughter, it is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those parts with certain parts only of the evidence." *Goldsmith* v. *State,* 54 *Ga. App.* 268, 270 (187 S. E. 694), and cit.

The jury were authorized to find that Mr. J. C. Bland Sr. owned a farm on which some of his employees had started the cultivation of tobacco; that Mr. Bland traded with the deceased,

David Newkirk, to take over the cultivation of such tobacco; that Newkirk had gathered this tobacco and put it in the barn on Mr. Bland's place; that Mr. Bland had advanced Newkirk some amount of money to gather such tobacco; that on the day before the homicide, Mr. Bland sent the defendant, Theodore Sheppard, to move the tobacco; but that the deceased, Newkirk, refused to let the defendant move the tobacco and told Sheppard that he could not move it until Mr. Bland paid him [Newkirk] the sum of "around" $50 which Newkirk claimed that he had expended in the harvesting of the tobacco.

Under one phase of the evidence the jury were authorized to find further that on the following morning the defendant under the instructions and directions of Mr. Bland returned to the tobacco barn to get the tobacco and was again informed by the deceased, David Newkirk, that he couldn't get the tobacco until Mr. Bland had paid him "around" $50 which he, the deceased, had paid out for labor for the harvesting of the tobacco; that in answer the defendant told the deceased that Mr. Bland had told him to tell the deceased that he [Bland] would give him [Newkirk] credit for the $50; that upon receiving this reply, the deceased told the defendant that Mr. Bland had told him a damn lie and that "you have told me a damn lie;" that the defendant said, "Don't call me no damn lie," cursed the deceased and told him that he [Sheppard] was tired of his "bigotiness;" and the jury were authorized to find as follows from the testimony of the witness Moxley: That the deceased whirled and "went to pull his pistol, and I hollered to Theodore, I says, 'Look out, Theodore, that Negro is going to shoot you' and when he did Theodore shot the Negro. I saw the Negro's gun in his pocket at the time he was pulling his pistol. I seen some of the handle of his pistol. When I saw him though he never did get his pistol out of his pocket. Theodore, when I hollered 'Look out, Theodore, the Negro is going to shoot you,' shot—he shot three times."

The undertaker testified that he examined the body of the deceased and that he had been shot or hit only once; that the deceased was shot in the back and that the place on his back "where I saw the entrance of the bullet was somewhere in the region of the blade bone—I got that bullet out on front, that bullet was just beneath the skin near the right nipple;" and that

he cut the bullet out of the deceased; and then the undertaker exhibited the bullet to the court.

There was testimony to the effect that the first two shots that the defendant fired at the deceased, while the deceased was facing him, missed their mark and that the defendant then turned and retreated; that it was while the deceased was in retreat that the defendant shot the third time, which shot hit the deceased from the rear in his back; and that it was this shot which caused the death of the deceased. There was also evidence to show that the deceased had said that if the defendant tried to take the tobacco he [Newkirk] would shoot or cut the defendant, which threat was communicated to Sheppard; and evidence to show that the deceased's character for turbulence and violence was bad.

Thus we think that the jury were authorized to find that after the words of effrontery had passed between the defendant and the deceased, the deceased presented, or attempted to present a pistol with the apparent purpose of shooting the defendant and that the defendant fired twice in rapid succession (being as to these two shots justifiable) and missed his antagonist, who seeing that the defendant was armed, turned his back and began a rapid retreat; and that while he was so retreating, the defendant continued firing at him until he shot him through the body from the rear, thus inflicting a fatal wound. In this view of the evidence the jury were authorized to attribute the killing to a sudden heat of passion aroused by the assault made by the deceased or by an attempt of the deceased to draw a pistol with the apparent purpose of shooting the defendant; for if the fatal shot was fired while the deceased was retreating without any apparent purpose of doing further harm, that necessity which might have justified the killing no longer existed. *Barney* v. *State,* 5 *Ga. App.* 301, 302 (63 S. E. 28); *Smith* v. *State,* 118 *Ga.* 61 (44 S. E. 817); *Goolsby* v. *State,* 147 *Ga.* 259 (93 S. E. 407); *Smith* v. *State,* 147 *Ga.* 682 (95 S. E. 223); *White* v. *State,* 2 *Ga. App.* 412 (58 S. E. 686); *Jones* v. *State,* 71 *Ga. App.* 56 (30 S. E. 2d, 284); *Swain* v. *State,* 74 *Ga. App.* 391 (39 S. E. 2d, 727); *Roberts* v. *State,* 76 *Ga. App.* 167 (45 S. E. 2d, 103); *Henry* v. *State,* 76 *Ga. App.* 139 (45 S. E. 2d, 230). See *Lawhorn* v. *State,* 155 *Ga.* 373 (2) (116 S. E. 822).

This phase of the evidence authorized the jury to find the defendant guilty of voluntary manslaughter and the trial court did not err in submitting that question to the jury.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*