31946. ROBERTS *v.* THE STATE.

DECIDED MAY 13, 1948.

*Limerick L. Odom,* for plaintiff in error.
*Fred T. Lanier, Solicitor-General,* contra.

MacINTYRE, P. J. ■ The defendant, Richard Roberts, was indicted jointly with his father, Vester Roberts, and his uncle, Horry Roberts, for the murder of Madison Brinson. The trials were had separately. Vester Roberts was tried and convicted of voluntary manslaughter. He brought his case to this court, and the conviction was affirmed in *Roberts* v. *State,* 76 *Ga. App.* 167 (45 S. E. 2d, 103), it being there held that the evidence authorized a verdict of voluntary manslaughter. The facts as shown by the evidence in the present case of Richard Roberts are substantially the same as those shown in the case of his father, Vester Roberts, supra. It follows that the contention of the defendant, Richard Roberts, in the instant case that there was no evidence to support the charge of the court on voluntary manslaughter is controlled, adversely to him, by his father's case and that such contention is not meritorious.

■ The defendant's counsel on cross-examination asked Horace Brinson if he knew Pearl Lovett, to which Brinson replied, "Yes, sir," and stated, "I saw her as I was going up the road; as to what I told her, I told her her cousin had shot in the house there," referring to the shooting at the home of the deceased, or at his mother's home where he lived, *prior* to the homicide. The solicitor on redirect examination of the witness, in order to ascertain which cousin was referred to, asked: "Who was it you say that this woman said had shot in somebody's house?" The

witness answered: "When I saw Pearl Lovett I told her that her cousin, Horry Roberts, had shot in my sister's house [that of the mother of the deceased]."

This answer was objected to by the defendant's counsel on the ground that it was hearsay, the court overruled the objection, and that ruling is now assigned as error.

Later in the progress of the trial, Mr. Clarence Roberts, who was present at the scene of the homicide, and who was testifying as to what occurred on that occasion, stated that the deceased made the remark, "I want to find out who did it," referring to the shooting at his home prior to the homicide; and that Horry Roberts said, " 'God damn it, I did it,' and he [Horry] started to shoot." Like testimony was delivered by Mr. Thomas Meades, who was present on the occasion of the homicide.

Thus, even if it should be said that under the circumstances it was error to admit the testimony objected to on the ground that it was hearsay [the testimony of Horace Brinson that he told Pearl Lovett that it was Horry Roberts who shot in the house], it was later, as a part of the res gestæ, twice proved without objection that Horry Roberts himself in the presence of the defendant, Richard Roberts, stated that it was he who shot into the house of the deceased. Under the circumstances, even if an error was committed in the overruling of the objection, it would not require the granting of a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*