## 32949. CATO v. THE STATE.

Decided May 2, 1950.

Emmett Smith, for plaintiff in error.
Wright Lipford, Solicitor-General, contra.

MacIntyre, P. J. The defendant, Tollie Cato, was indicted for the murder of Eddie B. O'Neal by shooting him with a rifle. He was convicted of voluntary manslaughter. His motion for a new trial, based upon the usual general grounds and one special ground was overruled and he excepted.

1. On the general grounds the defendant contends that the evidence authorized a verdict for murder or justifiable homicide and would not, as contended by the State, authorize a verdict for voluntary manslaughter. The defendant in his statement to the jury stated: "At the time I shot him . . I am going to give you the straight of it. Saturday morning I goes down to Jim Allen's store, and gets something to eat. I goes back home and put a fire in the stove. About the time I got the fire in the stove this colored fellow [the deceased] come up. I says: 'If you are going to stay a little while, take a chair and set out in the yard; it is too hot in here.' He waited a little bit and Eddie got up there cursing and hollering. I says: 'Eddie, you can't do all that loud cursing here, the white peoples will hear you. You will have to take your boy and go somewhere else.' Eddie goes on after a little bit and went towards home. He comes back. I was still trying to get him to quit cursing. Eddie comes in and says, 'I want a little drink of whisky.' I took a half-pint out and says: 'All right.' Me and him drunk up two half-pints. I run my hand down in my pocket and I pulled out five and ten dollar bills. I put it out there and about time

I got it out Eddie snatched it and jerked me down and was over me fighting. Then Eddie reached back and got the shotgun and pointed it at me and says: 'You God damn son of a bitch, I will kill you.' After this, his little boy come in and hit me with a stick right up and down the back. Wasn't any wrestling. He got out the window and says: 'If you move I will shoot your God damn guts out.' He told the little boy to get out of the way and he told me, 'I will kill you.' I goes to the bed and got a little rifle and when he passed the door I shot. I don't know whether I shot him in the face or back. That was all there was to it. That is the way it was done." Dr. S. D. Thomas testified, in part: "I saw him [the deceased] about 10 o'clock [a few minutes after he was shot] . . I saw him about 60 feet from Tollie Cato's [the defendant's] house. His house faces the street. There are some houses between that house and the street, which are just off the street. Eddie O'Neal was about 60 feet from that house. He was lying on his face when I saw him. His face was turned toward the street. His head was going in the direction from the house. It was going towards the street. I examined him there. I found he was shot in the back of his head and the bullet came out over his left eye. The bullet had gone all the way through his head. And came out over the left eye. All this took place in Carroll County. The bullet going through Eddie O'Neal brain caused his death. He was not dead when I got there. He was not conscious but still breathing . . I don't think his body had been touched when I got there, but I don't know. His body was face down. The gun was under his arm, I think under his right arm." In determining whether the homicide was murder, manslaughter, or justifiable, it is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those parts with certain parts only of the evidence. *Goldsmith* v. *State*, 54 *Ga. App.* 268, 270 (187 S. E. 684), and cit. Under this rule, the evidence and the defendant's statement, the jury was authorized to find that the deceased came to the defendant's house and that words of effrontery passed between them; they engaged in a fight; the deceased took the defendant's gun and jumped out of a window and as he was retreating in the direction of his own house and passed the door of the defendant's

house, the defendant shot him in the back of the head and the deceased died as a result of such shot; and that under such circumstances the defendant had fired the fatal shot in a sudden heat of passion engendered by the fight and was therefore guilty of voluntary manslaughter. *Sheppard* v. *State,* 77 *Ga. App.* 90 (47 S. E. 2d, 911):

The evidence authorized the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*