35983. COLLINS *v.* GRIFFIN.

DECIDED JANUARY 31, 1956.

*Hilton & Hilton, L. H. Hilton,* for plaintiff in error.

*Howard & Hunter, W. C. Hawkins,* contra.

QUILLIAN, J. 1. The plaintiff's counsel insist that there was not sufficient evidence from which the jury could determine that the plaintiff's negligence was the proximate cause of the collision or that the plaintiff's negligence was greater than that of the defendant's agent.

The evidence disclosed that two of the defendant's witnesses testified that the plaintiff was driving at least 70 miles per hour. Thames, the driver of the defendant's truck, testified that one of the reasons that he was not able to return to the right-hand lane was because of the rapid speed at which the defendant's automobile was approaching him.

The plaintiff's counsel contends this testimony had little or no probative value because it was the opinions of non-expert witnesses and that they did not testify as to the facts upon which they based their conclusions. The witnesses gave sufficient facts upon which they based their opinions. Thames, the driver of the truck involved in the collision, stated that when he first saw the plaintiff's automobile it was about one-half mile away and before he could get back into the right-hand lane of the highway the plaintiff's automobile had hit the truck. David Bragg testified that he had been a truck driver for several years and had observed the speed of many automobiles. He further testified that the plaintiff's automobile made a whistling sound which indicated a fast rate of speed. Both witnesses had some experience in judging speed and they also had a reasonably good opportunity to observe the speed of the plaintiff's automobile and therefore their testimony was of probative value. *Allen* v. *Hatchett,* 91 *Ga. App.* 571 (86 S. E. 2d 662); *Harmon* v. *Givens,* 88 *Ga. App.* 629 (77 S. E. 2d 223); *Thornton* v. *King,* 81 *Ga. App.* 122 (58 S. E. 2d 227).

Thames testified that one of the reasons he was unable to return to the right side of the highway was because of the excessive speed at which the plaintiff was driving. There was competent evidence from which the jury could find that the plaintiff was negligent and that his negligence not only contributed to but constituted the proximate cause of the collision resulting in his

injuries. This is not one of those plain and indisputable cases in which reasonable men might not entertain opposing views as to whether the plaintiff was in the exercise of ordinary care for his own safety, or whether the plaintiff or the defendant's employee was guilty of the greater negligence. *Howard* v. *Savannah Electric Co.*, 140 *Ga.* 482 (79 S. E. 112); *Columbus R. Co.* v. *Berry*, 142 *Ga.* 670 (83 S. E. 509); *Larkin* v. *Andrews*, 27 *Ga. App.* 685 (109 S. E. 518). The general grounds are without merit for the reasons assigned.

2. Special ground one of the amended motion for a new trial assigns as error the introduction in evidence of a "Seagrams 7" whisky bottle. This objection is without merit because similar evidence had been admitted prior to that in question. Both David Bragg and M. G. Arnsdorff testified that M. G. Arnsdorff had taken a whisky bottle from the plaintiff's automobile and had thrown it into the woods. *Goolsby* v. *State*, 147 *Ga.* 259 (93 S. E. 407); *Reich* v. *State of Georgia*, 63 *Ga.* 616; *Woods* v. *State*, 137 *Ga.* 85 (72 S. E. 908).

3. Special ground two contends that Annie Lee Moore, one of the jurors sitting on the jury, was related to the defendant within the prohibited degree. The plaintiff's counsel states that the relationship is by reason of the virtual adoption of the juror. Even though there are cases in which a child is allowed to inherit as an heir as the result of a virtual adoption, there is no legal relationship created by what is known as a virtual adoption. *Rahn* v. *Hamilton*, 144 *Ga.* 644 (87 S. E. 1061); *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (NS) 773). Furthermore one of the attorneys of record did not sign the affidavits to the effect that he did not know of the contended incompetence of the juror and therefore it must be presumed, when there is no explanation to the contrary, that the counsel who did not sign had knowledge of the contended incompetence. *Brown* v. *Oattis*, 55 *Ga.* 416 (1). This ground is without merit for the reasons assigned.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*