STEWART, administrator, *et al. v.* CRANE, BOYLSTON & COMPANY *et al.*

1. When, under section 4203 of the code, the superior court in term has passed an order fixing the time within which exceptions to a master's report may be filed, the judge of that court has no authority of law to pass at chambers an *ex parte* order extending the time for filing such exceptions.
2. When exceptions to a master's report have not been filed within the time allowed by the court for that purpose, it is within the discretion of the court to allow them to be filed thereafter upon proper cause shown.

May 27, 1891.

Exceptions to master's report. Practice. Before Judge GOBER. Polk superior court. August term, 1890.

Reported in the decision.

BLANCE & NOYES and BROYLES & SONS, for plaintiffs in error.

I. F. THOMPSON, J. M. NEEL, DEAN & SMITH, W. C. BUNN and A. RICHARDSON, *contra*.

LUMPKIN, Justice.

The case of Crane, Boylston & Co. *et al. v.* Stewart, adm'r, *et al.* was referred to a special master. Novem-

ber 22, 1888, his report was filed, and on the same day, during an adjourned term of Polk superior court, an order was passed allowing all parties thirty days within which to file thereto exceptions of law and fact. December 21st, 1888, counsel for Stewart, without notice to the other side, applied to and obtained from the judge, at chambers, an order allowing further time to file such exceptions, which the judge granted for certain providential reasons stated. A similar order, still further extending the time, was in like manner granted by the judge at chambers January 21, 1889, and the exceptions were filed within the time allowed by the last order. At the August term, 1890, of the superior court, the case was reached in its order, and a motion was made to dismiss the exceptions upon the ground that they were not filed within the time originally fixed by the order of the court, and that the judge at chambers had no authority to modify the order made in term, and extend the time for filing exceptions. The granting of this motion is one of the errors assigned. During the same term a motion was made to refile the identical exceptions which had already been dismissed. The court was then in the midst of another case, and passed no order on this latter motion except to make it returnable before the judge of the circuit, who was not then presiding, and error is assigned upon the refusal of the court to allow the defendant to then file these exceptions. After dismissing the exceptions, the court passed an order approving the report of the master, and directing that a verdict be had in accordance therewith. No error is assigned upon this action of the court.

1. While it may be true that a court of equity is always open, and that the judge accordingly may, at chambers, pass all proper orders in an equity cause, we are of the opinion that the language of section 4203 of

the code restricts the authority of the court as to master's reports to such things only as may be done in term time.  The section provides that the master's report, " when returned to court, shall be subject to exceptions for such time as the court may allow."  The word " court," as first above used, evidently cannot mean the *judge*.  We presume it was never contemplated that the report should be filed with him, but that it must be filed with the clerk.  The word " court," where it appears the second time in the section, is used, we think, in the same sense as in the first place; that is, it means the *superior court*, and not the *judge* thereof.  Moreover, when the court does in term pass an order fixing the time within which exceptions may be filed, or at a subsequent term passes another order allowing further time to file exceptions, the time designated may, so far as the particular case is concerned, be regarded as a part of section 4203, and the section may be held to mean that a particular report will be subject to exceptions for the period of time specified by the court.  No provision is made by law for obtaining from a judge at chambers an order allowing further time within which to file exceptions to a master's report, or for giving notice thereof to the opposite side, or for entering any such order upon the minutes.  With a report as filed one side might be satisfied if the other made no objection thereto ; but it not unfrequently happens that a party so satisfied would himself desire to file exceptions if the other side did so, and yet an order at chambers, although it gave the right to all parties to file exceptions, and extended the time for so doing, would be valueless to one who had no notice thereof until the extended time had itself expired.  This result would be manifestly unfair and unjust, and irrespective of the construction we have placed upon the above mentioned section of the code, we think it unwise to

establish a precedent allowing such orders to be granted at chambers.

2. As already intimated, we do not mean to hold that under no circumstances will a party be allowed to file exceptions to a master's report after his failure to do so within the time originally allowed for that purpose by an order of the court. In the case of *Cook* v *Com'rs of Houston Co.*, 62 *Ga.* 228, Judge McCUTCHEN, then presiding in the place of Chief Justice JACKSON, who was disqualified, said : "The order of reference had fixed the time within which the parties should file their exceptions to the report, as hereinbefore fully set forth. The time limited having expired without any exceptions being filed, the plaintiff in error could not legally file his exceptions afterwards without obtaining leave of the court for this purpose. In matters resting in legal discretion, the courts favor the diligent, but not the negligent. Where parties are prevented by good cause from filing their exceptions within the time fixed for that purpose, they should see to it that they are guilty of no unreasonable delay in applying to the court for an extension of time. If delay having the effect to protract the litigation exists before the application is made, some reasonable excuse for this delay must be shown to the court, as well as the excuse for the original failure, before any extension of time should be granted. The application should be made *at the first term* at which it could be done." It will be seen from the language just quoted that the entire matter is in the discretion of the court, and we approve the rule as above laid down.　*Judgment affirmed.*