### 1722.   BALDWIN v. RAGAN, survivor, *et al.*

Under the act of 1899 (Acts of 1899, p. 48), judges of the city courts are authorized and empowered to preside in the courts of one another interchangeably, and, while so presiding, to try all cases there pending which the judge of the court is disqualified or providentially prevented from trying.   Other cases the judge so presiding may, by consent of the parties, try and determine, and the judgment rendered therein will be binding, and neither of the consenting parties will thereafter be heard to question his right to render the judgment; and especially would a party in such case be estopped from denying the authority of the presiding judge to render judgment therein, after he had recognized the validity of the judgment by filing a motion for a new trial on other grounds.

Rule, from city court of Dawson—Judge Edwards.   January 22, 1909.

Argued April 13,—Decided July 31, 1909.

*W. H. Gurr, R. R. Marlin,* for plaintiff.

*M. J. Yeomans, H. A. Wilkinson,* for defendant.

HILL, C. J.   The questions in this case arise on the hearing of a rule against the sheriff by claimants of a fund in his hands realized from the sale of personal property.   The rule was brought in the city court of Dawson by Baldwin, who claimed the fund under a distress warrant for rent.   The sheriff, in his answer, admitted having the fund, and alleged that, in addition to the claim made by Baldwin, it was claimed under a mortgage foreclosure, by Nasworthy & Company, who were made parties to the rule.   The claimants submitted their case to Judge Park of the city court of Sylvester (without a jury), who was then presiding in the city court of

34

Dawson for Judge Edwards, judge of the latter court. Judge Edwards was not disqualified, nor was he providentially prevented from trying the case; and these facts were known to the claimants when they submitted the questions raised by the rule to the decision of Judge Park. Judge Park found that Baldwin was entitled to the fund; and Nasworthy & Company thereupon filed a motion for a new trial, which was dismissed by Judge Park on the ground that there was no brief of the evidence filed as provided by his order. After the judgment dismissing their motion for a new trial had been entered, Nasworthy & Company filed a petition before Judge Edwards of the city court of Dawson, to set aside the judgment rendered by Judge Park on the hearing of the rule, on the ground that Judge Park was without jurisdiction to hear and determine the case, as Judge Edwards was not disqualified in the case or providentially prevented from trying it. Judge Edwards, on hearing the petition, passed an order setting aside and vacating the judgment of Judge Park rendered on the hearing of the rule, and thereupon heard the rule against the sheriff and decided the case in favor of Nasworthy & Company; and the writ of error to this court, brought by Baldwin, challenges the correctness of the judgment setting aside the judgment rendered by Judge Park, and also the correctness of the decision made by Judge Edwards in awarding the fund to Nasworthy & Company.

We think Judge Edwards committed an error in vacating and setting aside the judgment rendered by Judge Park in the rule case, which had been submitted to him by both claimants while presiding in the city court of Dawson. The act of 1899 (Acts 1899, p. 48) provides as follows: "From and after the passage of this act, the judges of the various city courts of this State shall be, and are, hereby authorized and empowered to preside in any of the city courts now established or hereafter established by the General Assembly of Georgia, in the same manner as the superior court judges of this State preside in the courts of one another, and any city court judge may exercise all the powers, duties, and functions devolved upon the judge of such city court over which he may be called to preside by the judge of any such city court (in such cases where the judge of said city court is disqualified, or is providentially prevented from trying)." Now, the judges of the superior courts of this State are authorized to preside in the courts of one another and

perform all the functions of the judge of such superior court when
so presiding.    The act above quoted seems, in the first part of the
act, to give the same right to judges of the city courts of this State,
but in the latter part of the act it limits the right of the judge of the
outside city court to perform any functions of the judge of the city
court in which he may be presiding, except where the judge of the
latter court is disqualified or is providentially prevented from trying
the case.    Construing the entire act, we think that under it the
judges of the city courts of this State may exchange courts, and pre-
side for one another, and that they have the right to try all cases in
the court in which they are called upon to preside which the judge of
the court is disqualified or providentially prevented from trying, and
may also, while so presiding, hear such cases as may be submitted to
them by consent of the parties, although the judge of the court is
not disqualified or providentially prevented from trying them.    Of
course, parties can not by consent give jurisdiction to a court which
has none.    Civil Code, §5079.    In this case the court had jurisdic-
tion of the parties and the subject-matter, and Judge Park had ju-
risdiction to preside in the court, although he was disqualified to
preside in the particular case, but disqualification is a matter that
can be waived by the parties.    The record shows that both parties
submitted the questions raised by the rule to Judge Park while he
was presiding in the city court of Dawson, without the intervention
of a jury, and the losing party filed a motion for a new trial, thus
recognizing the jurisdiction of Judge Park to render the judgment
complained of, and excepting to the judgment on various grounds
which are set out in the record, none of which question the qualifi-
cation of Judge Park to render such judgment.    This motion hav-
ing been dismissed by Judge Park, the movant thereupon filed his
petition to vacate and set aside the judgment of Judge Park in the
case which he had consented for him to hear and determine, and
the validity of which judgment he had recognized by his motion for
a new trial.    We believe that he was then estopped from denying
the authority of Judge Park to render the judgment, and that Judge
Edwards should not have entertained his petition for that purpose,
and at his instance set aside and vacated the judgment.    *Vaughn
v. Strickland,* 108 *Ga.* 659 (34 S. E. 192).    This view renders un-
necessary any consideration by us of the errors assigned to the judg-
ment of Judge Edwards on the merits of the controversy as to the

respective rights of the claimants arising on the rule against the sheriff. The judgment rendered by Judge Park, for the reasons stated, must be considered as final.        *Judgment reversed.*