## 7264. GARRETT v. THE STATE.

HODGES, J.  1.  The crime of perjury can be committed only in a "judicial proceeding." Penal Code, § 259. A "judicial proceeding" is a proceeding in a legally constituted court.

2. There can be no subornation of perjury where perjury is not committed.

3. The act of the General Assembly establishing the criminal court of Atlanta provides that the judge of that court may preside in the city court of Atlanta "whenever agreed upon by the judges of both courts, and for any length of time, or whenever the judge of the city court of Atlanta is disqualified;" and that the judge of the criminal court may preside in the city court "while the judge of the latter court is presiding therein, whenever in the opinion of the judge of the city court ⁚ . it is necessary for the prompt dispatch of business for the said court to sit in two divisions, so that both judges may try the business of the city court at the same time." Acts 1890-91, vol. 2, p. 939, sections 17 and 18. Except as stated in these provisions, the judge of the criminal court of Atlanta is not authorized to act as judge of the city court of Atlanta.

4. Where the judge of the criminal court of Atlanta, at a time when the judge of the city court of Atlanta was absent from the State, undertook to act as judge of the city court in hearing a petition for discharge from imprisonment in a bail-trover proceeding pending in the city court, and where the judge of the city court was not disqualified to preside in the case and there was no agreement by both judges which authorized the judge of the criminal court to preside in that case, the acts of the judge of the criminal court as judge of the city court in that case were not authorized by the act of the General Assembly establishing the criminal court of Atlanta, and were coram non judice, the testimony given before him was not given in a "judicial proceeding," and therefore the crime of perjury could not be committed therein, and, as to such testimony, the crime of subornation of perjury could not be committed.                    *Judgment reversed.*

DECIDED JUNE 30, 1916.

Indictment for subornation of perjury; from Fulton superior court—Judge Benjamin H. Hill. January 22, 1916.

The indictment charged that the accused procured Stella B. Griffin to commit the offense of perjury "in a judicial proceeding then pending in the city court of Atlanta, . . in the case of Miss Stella B. Griffin vs. George B. Rauch, said proceeding being an action in trover, . . a lawful oath to testify the truth first having been administered to" her "by Hon. A. E. Calhoun, judge then and there presiding, said judge having legal power and authority to administer such oath in said cause, and said city court of Atlanta having jurisdiction of said cause, . ᐟ. and Hon. A.

E. Calhoun having legal authority to preside and render judgment in said cause," etc. The proceeding referred to in the indictment was instituted in July, 1915, and the testimony referred to was given on July 19. It was contended in behalf of the accused that Judge Calhoun was without jurisdiction to preside as judge of the city court of Atlanta in that proceeding. As to his authority to preside Judge Calhoun testified: "I am judge of two courts, judge of the criminal court [of Atlanta], and judge of the city court (second division) of Atlanta. . . I have equal jurisdiction with Judge Reid in that court. I tried this case [the case referred to in the indictment]. The city court of Atlanta was in session at that time. . . The city court did not hold any July term, but it was not adjourned; . . the court was open for business. . This application to discharge Rauch from jail, that is the paper I tried. . . I presided as judge of the city court of Atlanta. . . Judge Reid was not then in the city. . . He was not disqualified to try this case. He did not call me in to preside. He did not have to call me in. . . I hold that court when I please, just like I hold the other one. Judge Reid did not apply to me to preside for him and hear this application. . . I was not holding the second division of the city court of Atlanta at that time." Judge H. M. Reid testified: "I am judge of the city court of Atlanta, first division. Judge Calhoun is judge of the second division. . . I was in Philadelphia, Pennsylvania, the whole month of July. . . I left before the opening of the July term of the city court, and I asked Judge Calhoun to preside for me in opening that term and granting the fall [default?] verdicts and judgments and such things as came before him at the opening of the term. . . The July term met on the first Monday of July, 1915. I simply requested Judge Calhoun to open the court and to render such default judgments in which no defense had been filed at that term. It is called the appearance docket. We did not have any court for the trial of contested cases, and I just asked him to preside and take such verdicts and judgments as I would have done at the opening of the term. That was the extent of my request. Judge Calhoun agreed to do it. It has been customary for Judge Calhoun to try such business in the second division as I would send him as judge of the first division. . . I have understood all the time he would preside whenever it was stated he had time

or whenever anybody wanted him. I can not say we had any definite agreement as to that, but that was the practice. I was not disqualified for any reason that I know of in the case of Stella Griffin against George B. Rauch. Judge Calhoun and I never agreed that he should try that case. I never asked him to do so. . . The proceeding brought by George B. Rauch to be discharged from custody, there was no agreement between Judge Calhoun and myself as to that proceeding, and no request from me. that he should preside. . . My court was in recess, but had not adjourned. It was not in session trying civil cases in July at all. . . Since Judge Calhoun has been on the bench the practice grew up that he should preside in the trial of civil cases when convenient for him. . . As to the case of Stella B. Griffin against George B. Rauch, . . as to whether or not the agreement made with Judge Calhoun when I went away covered his acting in that kind of a case, I don't know that I can answer that specifically. I have always understood, and meant Judge Calhoun to understand, he could do anything for me he could in connection with the court, but to state that I ever made that request specifically, I can not say I did."

Citations by counsel: Ga. Laws, 1890-91, vol. 2, p. 939; Civil Code (1910), §§ 5154, 6519; *Welborne* v. *State*, 114 *Ga.* 793; *Welborne* v. *Donaldson*, 115 *Ga.* 566; *Ivey* v. *State*, 112 *Ga.* 175 (4), 181; *Stewart* v. *Crane*, 87 *Ga.* 330; *Allen* v. *State*, 102 *Ga.* 627; *Albea* v. *Watts*, 114 *Ga.* 151; *State* v. Woodson, 161 Mo. 444; *Edmondson* v. *State*, 123 *Ga.* 196; *Northwestern Mut. L. Ins. Co.* v. *Wilcoxon*, 64 *Ga.* 557; Penal Code (1910), § 259.

*Hines & Jordan, George F. Gober, W. I. Heyward*, for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens*, contra.