### 18759.  ROWLAND *v.* THE STATE.

DECIDED APRIL 10, 1928.

*J. B. Moore, William B. Kent,* for plaintiff in error.
*Wade H. Watson, solicitor,* contra.

BLOODWORTH, J.  The judge of the city court of Jesup presided in the city court of Baxley at the trial of the plaintiff in error. Plaintiff in error made a "motion for a disqualification" of the judge of the city court of Jesup, on the ground that the judge of the city court of Baxley "was in open court and not disqualified in any way from the trial of the said case."  This motion was overruled, and in a ground of the motion for a new trial this was alleged to be error.  The record does not show that the judge of the city court of Baxley was disqualified or was providentially prevented from trying the case.  In fact, the record shows that he, as steno-

grapher, "reported the case and was in open court all through the trial," and that the judge of the city court of Jesup stated that the judge of the city court of Baxley had engaged him "to hold this term of court to try some disqualified cases and others, this particular case not disqualified, but on the calendar at this term."

By the section 4828 of the Civil Code (1910), a judge of one city court can preside in another city court only in cases which the judge of the latter court "is disqualified or is providentially prevented from trying." In *Ga., Fla. & Ala. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (61 S. E. 505), it was held: "If the judge of the city court is disqualified, any other city court judge may preside in his stead." In the headnote of *Baldwin* v. *Ragan,* 6 *Ga. App.* 529 (65 S. E. 335), it was said: "Under the act of 1899 (Acts 1899, p. 48) judges of the city courts are authorized and empowered to preside in the courts of one another interchangably, and while so presiding to try all cases there pending which the judge of the court is disqualified or providentially prevented from trying. Other cases the judge so presiding may, by consent of the parties, try and determine." In discussing this case Chief Judge Hill said (pp. 530, 531): "Now the judges of the superior courts of this State are authorized to preside in the courts of one another and perform all the functions of the judge of such superior court when so presiding. The act above quoted seems, in the first part of the act, to give the same right to judges of the city courts of this State, but in the latter part of the act it limits the right of the judge of the outside city court to perform any functions of the judge of the city court in which he may be presiding, except where the judge of the latter court is disqualified or is providentially prevented from trying the case. Construing the entire act, we think that under it the judges of the city courts of this State may exchange courts, and preside for one another, and that they have the right to try all cases in the court in which they are called upon to preside which the judge of the court is disqualified or providentially prevented from trying, and may also, while so presiding, hear such cases as may be submitted to them by consent of the parties, although the judge of the court is not disqualified or providentially prevented from trying them. Of course, parties can

not by consent give jurisdiction to a court which has none. Civil Code [of 1895], § 5079."

In *Ga., Fla. & Ala. Ry. Co.* v. *Sasser,* 130 *Ga.* 397 (60 S. E. 998), Presiding Justice Evans said: "The General Assembly can provide that a city court may be held by a person other than the judge of that court, under given circumstances. *Welborne* v. *State,* 114 *Ga.* 794 (8), 823 (40 S. E. 857). While discharging the specific duties, he sustains to that court the relation of judge. The act of 1899 only undertakes to provide that the judge of one city court may preside in another city court where the judge of the latter is disqualified, or is providentially prevented from trying the case." It will thus be seen that unless the judge of one city court is disqualified or providentially prevented from trying a case in his court, the judge of another city court has no lawful authority· to preside therein, and "with such a judge presiding the entire proceeding is a nullity and will be so treated whenever judicially brought in question by the accused." This quotation is from *Wells* v. *Newton,* 101 *Ga.* 144 (28 S. E. 641), a case in which a judge of a city court established upon the recommendation of a grand jury presided in the superior court. In that case the Supreme Court further said: "There being no judge in that court authorized to preside therein at the time that the alleged trial took place, the case has never been tried according to law, and the whole proceeding was a nullity. No waiver, express or implied, could give to this proceeding the sancity of a legal investigation; and the fact that this court upon two occasions, when the right of the judge of the city court to preside was not brought in question, passed upon bills of exceptions in the case certified by him, can not be urged in order to give life to that which never had, and never could have, a legal existence." The 4th headnote in the case of *Ivey* v. *State,* 112 *Ga.* 175 (37 S. E. 398), is as follows: "Neither paragraph 1 of section 5, article 6 of the constitution, . . nor any statute of this State confers upon a judge of the superior court authority to preside in a city court, save only in cases wherein the judge of that court is disqualified to preside. When, therefore, a superior-court judge undertakes to preside in a case pending in a city court, which the judge thereof is qualified to try, the so-called trial is a nullity and the result of it absolutely void." In the opinion (pp. 180, 181) Chief Justice Simmons said: "The constitution of this State pro-

vides (art. 6, sec. 5) that 'In any county within which there is, or hereafter may be, a city court, the judge of said court and of the superior court may preside in the courts of each other in cases where the judge of either court is disqualified to preside.' The record of the present case discloses that the city court of Macon and the superior court of Bibb county were in session on the same day; and that the judge of the superior court was disqualified to try a certain case pending in his court, and, under the above recited section of the constitution, called upon the judge of the city court to preside in the superior court and try the disqualified case. The judge of the city court left the bench of his court and went upon the bench of the superior court to try the case; whereupon the judge of the superior court went upon the bench of the city court and called the case of The State *v*. Ivey. The judge of the city court was not disqualified to try Ivey. The judge of the superior court presiding, Ivey was tried and convicted by a jury in the city court. The trial of the disqualified case in the superior court having been finished, the judge of the city court returned to the city court, and the judge of the superior court returned to his court. Thereupon the judge of the city court proceeded to sentence Ivey, who had, as just stated, been found guilty by the jury while the judge of the superior court was presiding in the city court. When sentence was about to be pronounced, Ivey, through his counsel, objected thereto, on the ground that the judge of the superior court had no power or authority to preside in the trial of Ivey in the city court, the judge of that court not being disqualified. The judge of the city court overruled the objection and pronounced sentence and judgment upon the verdict of the jury, had while the superior court judge was presiding. To this judgment Ivey excepted and brings the case here for review. We think the exception was well taken. We think that the clause of the constitution above quoted gave the judge of the superior court no power to preside at the trial of Ivey. Under this clause, the judge of either the superior or city court may preside in the court of the other only in cases in which that other is disqualified. If the judge of the city court had been disqualified to try Ivey, the judge of the superior court could have presided at the trial, and the judge of the city court could at the same time have presided in the superior court in the case in which the superior court judge was disqualified. Neither

can preside in the other's court except in a case in which the other is disqualified. This being true, the trial of Ivey was a nullity, the verdict illegal, and there was nothing upon which the judge of the city court could predicate his judgment."

The foregoing rulings are based upon the proposition that a judge has no legal right to preside in another court than his own, except where the right is given him by express statutory authority or where, in civil cases, the disqualification of the judge is waived. See *Shuford* v. *Shuford,* 141 *Ga.* 408 (9) (81 S. E. 115); *Welborne* v. *State,* 114 *Ga.* 794 (8) (40 S. E. 857); *Allen* v. *State,* 102 *Ga.* 619 (29 S. E. 470); *Castleberry* v. *State,* 68 *Ga.* 49; *Bedingfield* v. *First National Bank,* 4 *Ga. App.* 197 (3) (61 S. E. 30); *Garrett* v. *State,* 18 *Ga. App.* 360 (3) (89 S. E. 380); *Little* v. *McCalla,* 20 *Ga. App.* 324 (4) (93 S. E. 37); *Faulkner* v. *Walker,* 36 *Ga. App.* 638 (137 S. E. 909), and cit.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*