35319. PLUMMER *v.* THE STATE.

DECIDED OCTOBER 7, 1954.

*Fraser & Shelfer,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *C. O. Murphy, Eugene L. Tiller,* contra.

GARDNER, P. J.  The defendant, on the one hand, contends that the allegations of the indictment set forth the offense of perjury; and, on the other hand, the State contends that the indictment sets forth the offense of false swearing.  Code § 26-4003 defines false swearing as follows: "False swearing shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or without laying the hand on the Holy Evangelist of Almighty God, or affirming in any matter or thing, other than a judicial proceeding, by a person to whom a lawful oath or affirmation has been administered."

Code § 26-4001 defines perjury as follows: "Perjury shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or without laying the hand on the Holy Evangelist of Almighty God, or affirming, in a matter material to the issue or point in question, in some judicial proceeding, by a person to whom a lawful oath or affirmation has been administered."

It appears that the principal difference between the offenses of false swearing and perjury is as follows: Perjury must be in some judicial proceeding and the testimony must relate to a matter material to the issue or point in question, whereas false swearing may occur in a proceeding other than a judicial proceeding and apparently the testimony need not be with respect

to some material question. There is another essential difference between the two offenses with reference to punishment, as follows: The punishment for perjury (Code § 26-4002) shall be by imprisonment and labor in the penitentiary for not less than two years nor more than ten years; whereas the punishment for false swearing (Code § 26-4004) shall be by imprisonment and labor in the penitentiary for not less than three years nor more than ten years.

Thus it is that perjury is a lesser offense than false swearing. So the only question before this court for determination is whether or not the indictment alleges a case of false swearing or one of perjury. The demurrer purports to set out certain language of the indictment which it is claimed constitutes a charge of perjury instead of false swearing. It will be noted that the demurrer itself contains language which does not appear in the indictment. For example, it is stated in the demurrer that "It charges the accused with wilfully, knowingly, absolutely, and falsely swearing, after lawful oath had been administered, in that he [the defendant] gave testimony which was known to the accused to be false at the time he so testified; that said testimony was material to the issue then being heard." Then follows in the demurrer the language: "Before the State Board of Workmen's Compensation, the same being a judicial proceeding (Civil Code, § 54-9910 of the Code Supp.)". That section provides: "False Evidence to Commissioner of Labor or State Board of Workmen's Compensation.—Any person who shall knowingly testify falsely, under oath, or shall knowingly make, give, or produce any false statements or false evidence, under oath, to the Commissioner of Labor or his authorized representatives, or to any member of the State Board of Workmen's Compensation, shall be deemed guilty of perjury. (Acts 1937, pp. 230, 243; 1943, pp. 167, 168)."

Referring to the language of the indictment itself, it will be seen that nowhere in the indictment is it alleged that the hearing was before the State Board of Workmen's Compensation or that it was a judicial proceeding. Actually, the charge is that the hearing at which the alleged false swearing occurred was before "R. O. Jackson, Deputy Director of the State Board of Workmen's Compensation of the State of Georgia, presiding for the said Board."

In order for one to be guilty of perjury, the false swearing must have been done in a judicial proceeding. This is provided in the definition of perjury as contained in Code § 26-4001, quoted hereinabove. That section is cited in *Garrett* v. *State*, 18 *Ga. App.* 360 (89 S. E. 380). Headnote 1 of that case reads: "The crime of perjury can be committed only in a 'judicial proceeding'. . . A 'judicial proceeding' is a proceeding in a legally constituted court."

On the other hand, the crime of false swearing is committed when the testimony is given in any matter or thing other than a judicial proceeding. Code § 26-4003. Under the act of 1937 (Ga. L. 1937, p. 230) the Department of Labor was established and the Department of Industrial Relations was abolished and an Industrial Board was created. In 1943 an act (Ga. L. 1943, p. 167), amending the previous acts having to do with the Department of Labor, etc., abolished the Industrial Board by section 3 of the act, and a board to be known as the State Board of Workmen's Compensation was created and established within the Department of Labor. Then it was specifically provided in that act that the State Board of Workmen's Compensation was to be composed of three members to be appointed by the Governor by and with the advice and consent of the Senate. It was further provided in that act that the State Board of Workmen's Compensation should have all of the powers, authorities, and duties theretofore invested in the Industrial Board for the administration of the Workmen's Compensation Act. Section 5 of the act under consideration provides: "The authority of the Commissioner of Labor with relation to the business of the State Board of Workmen's Compensation shall be advisory only, and he shall not be authorized to remove from office any member or employee of that board, or to exercise any authority over the members of such board, or any employees thereof, as such authority is hereby vested exclusively in the members of such board." Ga. L. 1937, p. 230.

It has been held by this court and by the Supreme Court that the division of the Department of Labor known as the State Board of Workmen's Compensation is an administrative body. *Gravitt* v. *Ga. Casualty Co.*, 158 *Ga.* 613 (2) (123 S. E. 897) reads: "The act of 1920 (Acts 1920, p. 167) known as the Geor-

gia workman's compensation act, by section 50, created the 'Industrial Commission' for the administration of the act. It is therefore an administrative body, and there is no provision in the act for temporary orders." In *Wilson* v. *Maryland Casualty Co.*, 71 *Ga. App.* 184, 188 (30 S. E. 2d 420) this court said: "The State Board of Workmen's Compensation is an administrative body possessing only the power conferred upon it by statute to administer the workmen's compensation act." Thus it will be observed that the indictment could not have legally charged the defendant with having committed the offense of perjury, since the hearing was before an administrative body and not a judicial tribunal. It is not necessary in an indictment for false swearing to charge that the testimony was material to the issues being heard, but the mere fact that the indictment under review contains such charge would not have the effect of changing the basic allegation that the defendant was guilty of false swearing.

The indictment in the beginning denominates the offense as false swearing. The true character of an indictment, however, is not determined by the label thereon. This court held in *Brusnighan* v. *State*, 86 *Ga. App.* 340, 345 (71 S. E. 2d 698) as follows: "The true character of a criminal accusation or indictment is not fixed by the denomination of the crime given it by the pleader, but by its allegations; that is to say, the name given the crime which is charged in the accusation or indictment does not characterize the offense, but the nature of the crime charged is to be determined from the description of the crime, that is, from the acts alleged to have been committed which are contrary to the laws of the State." See the many citations following the above statement. The indictment in the instant case specifically and in the body thereof charged the defendant with "The offense of false swearing, for that the accused did . . . said act of the accused constituted the offense of false swearing." The said allegations are somewhat more than a label or denomination of a crime. Most indictments or true bills denominate the crime which is charged on the back of the indictment. This one does, the denomination of the crime being "false swearing." We make these observations with reference to the indictment because counsel for the defendant contends that it makes no difference by what name the indictment denominates the offense if the

material allegations of the indictment set forth a case of perjury instead of false swearing. It is contended that the trial judge erroneously held, in overruling the demurrer, that the material allegations of the indictment set out a case of false swearing rather than perjury. Counsel for the defendant in his brief states that, under Code § 54-9910, quoted hereinabove, the defendant was properly charged with perjury instead of false swearing. We do not think this contention well founded. This is true for the reason that the Code section in question specifically refers to false statements given to "the Commissioner of Labor or his authorized representatives, or to any member of the State Board of Workmen's Compensation." The indictment in the instant case directly and specifically charges that the sworn testimony was given before "R. O. Jackson, Deputy Director of the State Board of Workmen's Compensation." It is not alleged that the testimony was given before a member of the State Board of Workmen's Compensation. It is significant that the Code section in question makes it perjury if the false testimony is given to the Commissioner of Labor or his authorized representative. No reference is made to the authorized representative of the members of the State Board of Workmen's Compensation. So far as the State Board of Workmen's Compensation is concerned involving the offense of perjury, the Code section limits the testimony to that taken by a member of the board, not on the ground that it is a judicial proceeding, but under the strict provisions of the act. It is contended by counsel for the defendant that it makes no difference insofar as the charge in the indictment is concerned whether or not the testimony was given before a member of the State Board of Workmen's Compensation or before a deputy director, for the reason that, under the law, a deputy director insofar as having authority to hold hearings, summon witnesses, the finding of fact, etc., has powers coextensive with the members of the board or any one of them. It must be kept in mind that Code § 54-9910 is a penal section and must be strictly construed, and nowhere in that section does it provide that anyone giving false testimony to a deputy director would be subject to indictment for perjury. The provisions of that section are that "Any person who shall knowingly testify falsely . . . to the Commissioner of Labor or

his authorized representatives, or to any member of the State Board of Workmen's Compensation, shall be deemed guilty of perjury." To interpret such Code section as counsel for the defendant urges would be in direct conflict with the general law as set forth in Code § 26-4401. In conclusion, we might say that a deputy director is not a member of the State Board of Workmen's Compensation.

Taking testimony before a deputy director is not a judicial proceeding, and therefore to testify to matters knowingly false before such director is an offense of false swearing and not the offense of perjury.

The court did not err in overruling the demurrer.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*