DECIDED MARCH 18, 1960—REHEARING DENIED
MARCH 31, 1960.

*Fullbright & Duffey, Henry J. Fullbright, Jr.,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, Robert G. Walther, Robert J. Reed,* contra.

37986.   GAY, Sheriff *v.* LEWIS *et al.,* Commissioners, *et al.*

DECIDED FEBRUARY 5, 1960—REHEARING DENIED
MARCH 18, 1960 AND APRIL 1, 1960.

*Nelson & Nelson, Carl K. Nelson, Price, Spivey & Carlton,* for plaintiff in error.

*H. Dale Thompson, Williams & Smith,* contra.

NICHOLS, Judge. 1. The first assignment of error in the bill of exceptions complains that the judgment of the court issuing a rule nisi in the case and assigning the same for hearing was void. The judgment excepted to was rendered on June 3, 1958, in the City of Swainsboro, Emanuel County, Georgia, before the action was filed in the City Court of Dublin. The record discloses that the Judge of the City Court of Dublin had disqualified himself and that the Judge of the City Court of Swainsboro was presiding in the case. The rule nisi was reissued by the presiding judge in Dublin, Laurens County, Georgia. Therefore, the question of whether the first rule nisi was void, as contended by the defendant, becomes moot, and there is no assignment of error that the reissued rule nisi was insufficient.

The contention is made that under Code § 24-2205 the judge who presided had no authority to preside in the case because he had not been requested to serve by the Judge of the City Court of Dublin. This contention is without merit, for while Code § 24-2205 does provide that another city court judge must be requested to serve when a judge of a city court is disqualified, the defendant sheriff consented for the judge to try the case without the intervention of a jury, and then filed a motion for new trial on other grounds. In *Baldwin* v. *Ragan,* 6 *Ga. App.* 529 (65 S. E. 335), which is very similar to the case sub judice, it was said: "The judge so presiding may, by consent of the parties, try and determine, and the judgment rendered therein will be binding, and neither of the consenting parties will thereafter be heard to question his right to render the judgment; and especially would a party in such case be estopped from denying the authority of the presiding judge to render judgment therein, after he had recognized the validity of the judgment by filing a motion for a new trial on other grounds." Accordingly, this assignment of error is without merit.

2. The defendant filed general and special demurrers to the plaintiff's petition which were overruled. When the case was be-

fore the Supreme Court it was held, when transferring the writ of error to this court, that the grounds of demurrer attempting to raise constitutional questions were insufficient to do so, and it necessarily follows that those grounds of the sheriff's demurrers were properly overruled by the trial court.

The remaining grounds of demurrer are controlled adversely to the defendant by the decision of this court in *Banks County* v. *Stark*, 88 *Ga. App.* 368, 378 et seq. (77 S. E. 2d 33), and the judgment of the trial court overruling such grounds of demurrer was not error for any reason assigned, and under such decision as well as the decision of the Supreme Court when such case was before that court (*Rucker* v. *Stark*, 209 *Ga.* 496, 74 S. E. 2d 74) and the authorities there cited, it became the duty of the trial court, under equitable principles, to make distribution of the funds.

3. The third assignment of error complains that the trial court erred in sustaining the plaintiff's oral motion to dismiss the defendant's "special plea of res judicata and/or estoppel by judgment as amended."

Neither the writ of error nor the record discloses the ground, or grounds, upon which the oral motion to dismiss was based, and under the full-bench decision of the Supreme Court in *Tree* v. *City of Atlanta*, 144 *Ga.* 757 (1) (87 S. E. 1021), no question for decision is presented to this court by such assignment of error.

4. Error is assigned on the findings and judgment rendered in the case because the trial court prepared his written findings, decision and judgment in Swainsboro, Emanuel County, Georgia, and mailed them to the clerk of the court in Dublin, Laurens County, Georgia. This assignment of error is based on the contention that the trial court had no authority in Emanuel County to pass an order or judgment involving a case pending in the City Court of Dublin (Laurens County, Georgia).

"Where there is a conflict between the bill of exceptions and the record, the record controls. *Hunt* v. *State*, 64 *Ga. App.* 320 (13 S. E. 2d 117); *Sims* v. *Hatcher & Wilkerson*, 77 *Ga.* 389 (3) (3 S. E. 92); *Howell* v. *Seigler*, 89 *Ga. App.* 221 (3) (78 S. E. 2d 874)." *Johnson* v. *Johnson*, 98 *Ga. App.* 588 (1) (106 S. E. 2d 176). In the present case the record discloses, with reference to the judgment here complained of that it was rendered in Laur-

ens County, for the final paragraph thereof reads as follows: "This decision and findings of the court and order issued in Laurens County, Dublin, Georgia on this the 10th day of December 1958."

5. The trial court, hearing the case without the intervention of a jury, rendered the following written opinion, the italicized parts thereof were assigned as error in the amended motion for new trial: "Contentions of parties litigant—Laurens County instituted rule against proper officers of said county for distribution of fund held by the Clerk of the City Court of Dublin and sheriff of said county. Laurens County contends that the fund should be distributed between the sheriff, said clerk and solicitor of said court on a percentage or pro rata basis in accordance with the Act of City Court of Dublin of the year 1900 and legal amendments to said act. The county contends that the portion of the fund going to the solicitor and the clerk of said court shall be paid to the legal authorities of the county, as said officers are on a salary and the county stands in the shoes of said officers and should receive the part of said fund that said officers are entitled to.

"The county further contends that Code section 27-2933 does not give the sheriff any priority over the other two officers in the distribution of the fund. That the sheriff was on a salary from January 1, 1953, up to and until the Supreme Court of Georgia rendered decision holding salary act unconstitutional (see Georgia Report 213, page 518). The decision was rendered by the Supreme Court of Georgia on September 12, 1957. The county contends that any claim of the sheriff or the county as to any sums due either as a result of said decision would involve an accounting which would directly require equitable affirmative relief and the City Court of Dublin does not have jurisdiction to entertain such proceeding. That, therefore, the fund in question should be disbursed in accordance with the City Court Act of 1900 and legal amendments thereto, leaving to the parties their legal rights and remedies to seek to enforce any claim as a result of said Supreme Court decision.

"The clerk and solicitor of said court admit that they are on salary and any part of the fund going to them should be paid as the law directs.

"The sheriff contends he is a fee bearing officer and that the county owes him for the period from January 1, 1953, through March 31, 1958, more than the fund in question. *That the court should adjudicate that the county owes the sum contended for* by the sheriff for such period and that judgment should be. rendered accordingly and that the fund in question should be applied as credit on his claim.

"The sheriff and the county filed certain pleas and demurrers which were passed upon by the court and orders signed by the court showing disposition made, all of which are part of the record in the case.

"Decision and findings of the court. (a) The Judge of the City Court of Dublin disqualified himself and, therefore, the undersigned Judge. of the City Court of Swainsboro is presiding in said case.

"(b) The parties agreed for the undersigned Judge of the City Court of Swainsboro to pass upon the evidence and all issues in the case without intervention of a jury.

"(c) The sheriff does not have any priority over the funds under Code section 27-2933 and under City Court of Dublin Act of 1900 and legal amendments thereto, his claim is not superior to the clerk and solicitor of said court due to the fact that they are on a salary. That fines and forfeitures in said court shall be pro rated between clerk, solicitor, sheriff, justices of peace, etc., and amounts due or to become due. to clerk and. solicitor shall be paid to Laurens County in accordance with Act of General Assembly of 1900 and legal amendments thereto creating City Court of Dublin.

"(d) *That the claim of the sheriff to the entire fund in question and judgment for excess is based on the fact that* the General of Assembly of Georgia on February 12, 1952 (Ga. L. 1952, pp. 2396-2401) placed the sheriff on salary beginning January 1, 1953. That subsequently and in September or October, 1957, the Supreme Court of Georgia (Georgia Report 213, page 518) held the salary act unconstitutional. That the sheriff is, therefore, entitled to fees and costs instead of salary from January 1, 1953.

"(e) That an accounting is applicable and is allowed. That under the evidence and law applicable, the sheriff is not entitled to the entire fund in question and *is not entitled to the full amount sued for by him.*

"(f) That the sheriff is entitled to $32,540.51 representing fees and costs from January 1, 1953, up to and including March term of said City Court of Dublin 1958, *which covers and includes the funds in question, and includes and covers all sums due the sheriff as sheriff of said court and as sheriff of said county as result of said salary act being held unconstitutional.*

"(g) It appearing to the court sitting as court and jury and as agreed to by the parties aforesaid that the sheriff has $13,-465.50 of said funds in question. It is, therefore, ordered and adjudged by the court sitting as court and jury that the clerk of said court pay to the sheriff the sum of $19,075.01 and this sum, together with the sum of $13,465.50 the sheriff has of said funds will *amount to $32,540.51, the amount due the sheriff for said period herein stated which covers any and all sums due the sheriff as sheriff of said court and sheriff of said county aforesaid.*

"The clerk of said court is ordered to pay the balance of said fund to Laurens County and/or the proper and legal officer or officers of said county.

"This decision and findings of the court and order issued in Laurens County, Dublin, Georgia, on this 10th day of December, 1958."

The present case, as shown above, was for a money rule and while the defendant claimed that, under equitable principles, he was entitled to all the funds in question, he did not seek a judgment in excess of the funds held by the clerk and himself, nor did he *sue* for any amount. Therefore, the part of the court's opinion so holding was error and for such reason a new trial must be granted.

The further finding of the trial court that precluded the defendant sheriff from recovering any other fees that might be due him for services as sheriff of the county in either civil or criminal cases was without evidence to support it because such question was not, nor in fact could it be, raised by the pleadings and evidence in the case sub judice where the only question for determination was the distribution of a certain fund between the officers of the court.

6. The two special grounds of the amended motion for new trial which complain of the admission of evidence over objection are without merit inasmuch as the objections made at the time the

evidence was offered show that the witness had already testified to the same facts. See *Collins* v. *Griffin,* 93 *Ga. App.* 282, 285 (91 S. E. 2d 369).

7. Since the case must be tried again, neither the general grounds of the motion for new trial nor the judgment denying the motion to amend and modify the judgment will be passed on.

*Judgments affirmed in part and reversed in part. Felton, C. J., and Quillian, J., concur.*